[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 12, 1995, this court rendered its decision sustaining the plaintiff's appeal of a final decision of the defendant freedom of information commission. The commission subsequently moved to open the judgment of the court and for a new hearing on the plaintiff's appeal. The court granted the commission's motion and held a new hearing on August 7, 1995, at which the parties appeared and the commission presented evidence. The court affirms its original decision.
At the hearing on August 7, 1995, the defendant commission conceded that the February 24, 1994 letter from defendant Peruta to the commission constituted an ex parte communication prohibited by General Statutes §4-181, as well as by the commission's own regulations. It argued, however, that the letter did not prejudice the rights of the plaintiff and, therefore, should not be a basis for sustaining his appeal of the commission's CT Page 11600 decision, which was adverse to him. In support of its argument, the commission presented the testimony of Commissioner Deane Avery, who served as the hearing officer who rendered the two proposed findings and recommendations in the case and was the recipient of the Peruta letter.
It has always been undisputed that Peruta had obtained the public records he wanted from the town prior to Commissioner Avery's proposed findings and recommendations concerning his complaint. The only issue before the commission in considering Peruta's complaint, therefore, was whether the plaintiff, acting in his official capacity as town manager of Rocky Hill, had violated the Freedom of Information Act by failing to furnish certain documents to Peruta "promptly," as required by § 1-19(a). In its final decision, the commission had only to decide whether to penalize the plaintiff for not complying with this "promptness" provision of the law.
The facts concerning Commissioner Avery's receipt of Peruta's ex parte letter are set forth in the court's June 12, 1995 decision and are essentially undisputed. At the August 7, 1995 hearing, Commissioner Avery testified that Peruta's letter was a "trigger," causing him to review tapes of the commission hearing and reconsider his original proposed findings and his recommendation that Peruta's complaint be dismissed. He stated that he would not have done so if he had not received Peruta's letter. He stated that there is evidence in the record that, in his opinion, would support either his original proposed decision in favor of the plaintiff or his subsequent proposed decision adverse to the plaintiff. It was, he reiterated, Peruta's letter that caused him to rethink his original decision.
The defendant commission argues that there is evidence in the record that would support the second proposed findings and recommendation and the final decision. Therefore, the commission argues, Commissioner Avery did not need to rely nor did he rely on any evidence that was not in the record in deciding to abandon his original findings and recommendation and decide, instead, to find that the plaintiff violated the CT Page 11601 law and should be fined. The commission contends that since general principles of administrative law validate administrative decisions when there is substantial supportive evidence in the record, even in the face of contrary evidence, the plaintiff cannot show any prejudice to his right to an impartial adjudication of the issues. In essence, the commission argues that since Commissioner Avery had a legal basis for changing his mind without Peruta's letter, the letter could not have prejudiced the plaintiff. The court disagrees.
Peruta's letter, which was introduced in evidence at the hearing before this court, aggressively attacks Commissioner Avery's original findings, which supported the plaintiff. Not only does Peruta argue in the letter that Commissioner Avery made "TWO INCORRECT findings," he asserts what he claims are the "CORRECT facts." These include "facts" that were not in the administrative record. Thus, he claims that the plaintiff's own assistant repeatedly and publicly stated that Commissioner Avery's findings were incorrect after those findings were released. He states that the town attorney told the plaintiff's assistant that "she is not required to acknowledge this fact to anyone," the plain implication being that the assistant spoke up despite some pressure not to do so.
As noted, Commissioner Avery testified that as a result of reading the letter, he decided to reconsider his original findings. Meanwhile, of course, the plaintiff was unaware of the letter and was unable to contest its contents or combat the effect that Peruta's inflammatory statements might have on Commissioner Avery's thought processes. In this regard, the plaintiff was doubly disadvantaged because the letter contained assertions of new facts, damaging to his case, that he was effectively prevented from challenging or explaining.
So Commissioner Avery embarked on his reconsideration and changed his decision, having read Peruta's letter but without benefit of any corrective input that the plaintiff might have been able to provide. Under these circumstances, and given the complete reversal of the factual findings and recommendation, the court does not find it credible that Commissioner Avery CT Page 11602 was not influenced to some degree in making his new decision by Peruta's ex parte communication.
The court is not impressed by the argument that the plaintiff had the opportunity to file a brief and present oral argument to the commission as a whole after learning of Peruta's letter and prior to the commission's vote on the final decision. In effect, that argument unduly minimizes the factfinding role of Commissioner Avery and the persuasive effect of his proposed findings and recommendation.
The court finds that the defendant commission has not sustained its burden of proving that the plaintiff was not prejudiced by the ex parte communication from Peruta to Commissioner Avery. Accordingly, the court affirms its previous decision.
The plaintiff's appeal is sustained.
MALONEY, J.